[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13582
Non-Argument Calendar

_____

D.C. Docket No. 8:13-cr-00207-SCB-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREDDIE WILSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 25, 2020)

Before JORDAN, BRANCH, and TJOFLAT, Circuit Judges.

PER CURIAM:

## I.

Freddie Wilson, proceeding *pro se*, appeals the District Court's denial of his request for a total sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 790 to the Sentencing Guidelines.  Because Wilson has served his entire term of imprisonment, we cannot reduce his term of imprisonment under § 3582(c)(2).  Therefore, Wilson's claim is moot.  The fact that Wilson remains on supervised release as a result of his conviction does not change this result.  If Wilson wishes to seek a shorter term of supervised release, as opposed to a reduced term of imprisonment, he must do so under a different statute—namely, 18 U.S.C. § 3583(e)(1).  Accordingly, we affirm.

## II.

### A.

Under 18 U.S.C. § 3582(c)(2), a district court may reduce a defendant's term of imprisonment if he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  *Id.*  One such policy statement is U.S.S.G. § 1B1.10(b)(2)(C), which provides that "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served."  *Id.*; *United States v. Llewlyn*, 879 F.3d 1291, 1294–95 (11th Cir. 2018).

2

Therefore, because Wilson has already served his entire sentence, and because it would violate § 1B1.10(b)(2)(C) to reduce his term of imprisonment to be less than the term he actually served, we can no longer reduce his term of imprisonment under § 3582(c)(2). *See Llewlyn*, 879 F.3d at 1298 ("Because [the defendant] has already served the entirety of his otherwise eligible sentence, he is ineligible for a sentence reduction pursuant to § 3582(c)(2)."). As such, Wilson's appeal is moot. *See id.* (affirming the denial of the defendant's motion for reconsideration regarding the District Court's previous ruling that a § 3582(c)(2) claim is moot once a defendant has completed his sentence).

## B.

The fact that Wilson is on supervised release as a result of his conviction does not alter our conclusion that Wilson's § 3582(c)(2) claim is moot.

The proper way to seek early termination of supervised release, if that is what Wilson seeks, is to move for such relief under 18 U.S.C. § 3583(e)(1)—not § 3582(c)(2). *See* § 3583(e)(1) ("The court may, after considering [various specified] factors[,] . . . terminate a term of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."). And in deciding such a § 3583(e)(1) motion, a district court could consider whether Wilson's term of imprisonment would have been reduced under § 3582(c)(2) if he had not already served his entire term of imprisonment.

3

*See* U.S.S.G. § 1B1.10 cmt. n.7(B) ("If the prohibition [against reducing a term of imprisonment to be less than the term the defendant already served] precludes a reduction in the [defendant's] term of imprisonment," and "the court determines [the reduction] otherwise would have been appropriate," then "the court may consider any such reduction that it was unable to grant [when considering a] motion for early termination of a term of supervised release under 18 U.S.C. § 3583(e)(1).").

But the fact that a court may consider whether Wilson would have been eligible for relief under § 3582(c)(2) when assessing whether to grant relief under § 3583(e)(1) does not alter our conclusion that Wilson cannot obtain relief under § 3582(c)(2), itself.  Our authority to grant § 3582(c)(2) relief to Wilson vanished once he served his entire term of imprisonment, regardless of whether he is on supervised release as a result of his conviction.  Therefore, Wilson's claim, as it was presented, is moot.[1]

---

[1] Our conclusion is not inconsistent with *Dawson v. Scott*, 50 F.3d 884 (11th Cir. 1995) or *United States v. Page*, 69 F.3d 482 (11th Cir. 1995), *superseded by statute on other grounds*, Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, *as recognized in United States v. Edwards*, 728 F.3d 1286 (2013).  Both of those cases arose in critically different postures than this case: *Dawson* involved a petition for habeas corpus, and *Page* involved direct appeals from criminal convictions and sentencing decisions.  We address each in turn.

First, in *Dawson*, we held that a petitioner's habeas claim was not moot, even though the petitioner had served his sentence and was on supervised release, because supervised release was part of his allegedly unlawfully imposed sentence.  50 F.3d at 886 n.2.  Therefore, success on Dawson's petition could still afford him relief from that portion of his sentence.  *Id.*  In contrast, Wilson's § 3582(c)(2) claim is not challenging the lawfulness of his conviction or sentence.  Instead, he is seeking leniency from the District Court—he is asking it to reduce an appropriately

III.

Accordingly, the judgment of the District Court is affirmed because

Wilson's § 3582(c)(2) claim is moot.

**AFFIRMED**.

---

imposed sentence based on a change to the Sentencing Guidelines. *See Llewlyn*, 879 F.3d at 1296. Therefore, while it is logical that a habeas claim is not moot when a petitioner is on supervised release as a result of an allegedly unlawfully imposed sentence, that reasoning does not make sense in the context of a § 3582(c)(2) claim.

Second, in *Page*, on direct appeal, we held that the defendants' challenges to their convictions and sentences were not moot, even though most defendants had finished their prison terms and were serving terms of supervised release, because (1) they still had standing to challenge the legality of their convictions, and (2) only success in that appeal could have altered the supervised release portion of their sentences. 69 F.3d at 487 n.4. As mentioned above, here, Wilson is not challenging the legality of his conviction. Further, as explained in Part II.B., § 3582(c)(2) is not the only way Wilson could succeed in changing the supervised release portion of his sentence. In fact, as we explained, it is the wrong statute under which to seek relief. Therefore, *Page* does not extend to Wilson's § 3582(c)(2) claim.